IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JESSICA L. BARKER<br>F/K/A JESSICA L. LEACH,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BELL PARTNERS, INC.<br><br>　　　　Defendant. | Civil Action No.<br><br>1:16-CA-00642<br><br>Jury Demanded |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

This is an action for unlawful discrimination brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*., the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.*, and the Texas Labor Code, as amended, § 21.001 *et. seq*. For causes of action, Plaintiff Jessica L. Barker shows as follows:

## I.　　JURISDICTION AND VENUE

1.　　Plaintiff brings her claims under federal and state law. Plaintiff sues Defendant for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. and the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.* This Court has federal question jurisdiction over those claims under 28 U.S.C. §1331. Plaintiff also sues Defendant for violations of the Texas Labor Code of 1983, as amended, §21.001, *et seq*. Plaintiff's claims under the Texas Labor Code form part of the same case or controversy under Article III of the United States Constitution as her Title VII claims. As a result, this Court has jurisdiction over those claims under 28 U.S.C. §1367(a).

2.     Inasmuch as all or a substantial part of the events giving rise to this lawsuit occurred in this district and division, venue is proper under 28 U.S.C. § 1391(b).

## II.     THE PARTIES

3.     Plaintiff Jessica L. Barker f/k/a Jessica L. Leach is a female individual residing in Williamson County, Texas.  At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of 42 U.S.C. §2000e(f), 29 U.S.C. §2611(3)(incorporating by reference 29 U.S.C. §203(e)), and Texas Labor Code, §21.002(7).  As of the time of her termination, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. §2611(2)(A).

4.     Defendant Bell Partners, Inc. is a foreign corporation that is authorized to do business, and that is doing business, in the State of Texas.  At all times relevant to the Plaintiff's claims asserted herein, Defendant was an "employer" within the meaning of 42 U.S.C. §2000e(b), 29 U.S.C. §2611(4), and Texas Labor Code, § 21.002(8).  Defendant may be served with process by serving its registered agent for service, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.     FACTS

5.     Defendant is an apartment investment and management company that owns and operates multifamily communities throughout the United States, including in the state of Texas.  Plaintiff was employed by Defendant from May 9, 2014 until June 15, 2015.  On that day, Defendant unlawfully fired Plaintiff.

6.     Plaintiff worked as a property manager, known as "Community Manager," at Bell Tech Corridor, one of Defendant's apartment complexes located in Austin, Texas.  Plaintiff held the position of Community Manager throughout her employment with Defendant.

7.	Throughout her employment, Plaintiff's job performance was quite good. For example, in March of 2015, approximately two months before her termination, Plaintiff received a performance evaluation in which she met or exceeded performance expectations in nearly all areas. As a consequence of that evaluation, Plaintiff received a merit pay increase. In addition, Plaintiff improved the financial performance of the Bell Tech Corridor property during her time there. She never received a reprimand of any kind until after she inquired into FMLA leave to care for her daughter with a disability, and after she complained of unwelcome sexual harassment.

8.	Prior to any of that, on or about February 2, 2015, Plaintiff sent an email to request assistance from Defendant's human resources department to obtain FMLA leave in order to care for her young daughter. Plaintiff inquired about her eligibility for FMLA leave in order to care for the serious health condition of her daughter. Plaintiff's daughter had been diagnosed in August 2014 with a rare genetic disorder that causes frequent seizures. Plaintiff informed Defendant of her daughter's diagnosis on February 2, 2015, at the same time that she requested assistance to obtain FMLA leave.

9.	Defendant did not respond to Plaintiff's February 2 inquiry regarding FMLA leave. Accordingly, Plaintiff again emailed Defendant's human resources department on March 6, 2015, and again requested FMLA leave.

10.	Defendant never notified Plaintiff regarding her eligibility to take FMLA leave.

11.	Plaintiff became eligible for FMLA leave on May 8, 2015. However, Defendant fired her approximately five weeks later, before she could either again inquire about, or take, FMLA leave.

12.	In early April, 2015, Plaintiff was subjected to unwelcome and menacing sexual harassment by a male co-worker. The harasser was a maintenance technician at the Bell Tech Corridor property. Plaintiff was one of the persons toward and about whom the co-worker had

made harassing and threatening gestures and comments. Specifically, the harasser was seen to have made hourglass gestures while describing Plaintiff, and he commented that he could tell that "she has on some great underwear." In addition, the harasser was witnessed to have stared at and followed Plaintiff around the apartment grounds in a threatening manner. Finally, the harasser said of a female resident of the property, "Man, I would love to f**k that."

13. Many of these incidents were reported to Plaintiff on or about April 16, 2015 by a third-party vendor who worked at the Bell Tech Corridor property.

14. On or about April 17, 2015, Plaintiff complained about the co-worker's unlawful sexual harassment to her direct supervisor and Defendant's Regional Manager, Amy Roos, and to Defendant's Human Resources Coordinator, Laurie McLain. On April 17, 2015, therefore, Defendant had actual knowledge of the unlawful sexual harassment.

15. Although Defendant knew that Plaintiff would have to continue to work with the threatening harasser at the apartment location, Defendant failed to investigate Plaintiff's complaint for weeks after Plaintiff made her complaint.

16. In fact, it was not until April 30, 2015 that Rokey Rahim, one of Defendant's human resources officials called Plaintiff to even begin investigating Plaintiff's complaint. Because of the danger that Plaintiff felt she was in, Plaintiff was shocked to hear that Defendant had not even started the investigation. She thus asked Ms. Rahim why Defendant had not yet investigated it. Ms. Rahim replied that Defendant's human resources department was "backed up."

17. Even following April 30, however, Defendant still did not investigate Plaintiff's sexual harassment complaint until the middle of May 2015, approximately one month after she first made the complaint. Defendant thus failed and refused to take prompt remedial action in the face of a known danger.

18.     It was not until on or about May 18, 2015, that Defendant finally determined that the harasser's "comments/gestures were extremely unprofessional and pose significant liability for the company.  [The harasser] has violated our Non-Harassment policy."  Defendant also then determined that the harasser's employment should be terminated.

19.     At 6:33 a.m. on May 19, 2015, over one month after her complaint, Defendant's Senior Vice President of Human Resources, Mary Copeland, sent an email to Plaintiff directing her to terminate the harasser.  That is, Defendant's senior human resources official forced the Plaintiff to fire the man who had made menacing and threatening gestures and comments about her.  Although she did not feel safe doing so, Plaintiff followed Defendant's order and she fired her harasser.

20.     Two hours after she followed Defendant's unsavory directive to terminate her harasser, on May 19, 2015, Plaintiff received the first write-up that she had ever received as an employee of the Defendant.  Plaintiff received a write-up for an alleged issue regarding lease paperwork that had occurred the week prior, and about which she had heard nothing since then.

21.     Just over two weeks later, on or about June 4, 2015, Plaintiff's direct supervisor Amy Roos told Plaintiff that she should tender her resignation in lieu of termination.  Ms. Roos told Plaintiff that, if she did not resign, Defendant was going to terminate her anyway for "accountability."  Ms. Roos did not explain what she meant by "accountability."

22.     Because of the Hobson's choice to which Ms. Roos put her, on or about June 11, 2015, Plaintiff initially tendered her resignation in lieu of termination.  The effective date of that resignation was to have been July 10, 2015.  Having reconsidered her decision, and before Defendant accepted it, on June 12, 2015, Plaintiff retracted her resignation.  Defendant failed and refused to accept Plaintiff's retraction of her resignation.

23.     Defendant then unlawfully terminated Plaintiff's employment effective June 15, 2015. It terminated her just over one month after she became FMLA-eligible to take time off from work to care for her daughter's serious health condition; and it terminated her just under one month after directing her to fire the man who sexually harassed her in a menacing and threatening way.

24.     Plaintiff dual-filed her charge of discrimination with the United States Equal Employment Opportunity Commission and the Texas Workforce Commission—Civil Rights Division on or about October 5, 2015. The EEOC transmitted Plaintiff's perfected charge of discrimination to the Texas Workforce Commission—Civil Rights Division on October 7, 2015. Following the passage of more than 180 days, EEOC issued Plaintiff a Notice of Right to Sue on April 12, 2016. Plaintiff is filing this lawsuit within 90 days of the receipt of her Notice of Right to Sue.

25.     Plaintiff has satisfied all administrative and jurisdictional prerequisites to bring all claims asserted herein.

26.     Reinstatement is not feasible.

## IV.  CAUSES OF ACTION

### Count One: Unlawful Retaliation Under the Texas Labor Code

27.     Plaintiff restates and incorporates herein by reference paragraphs 1 through 26, inclusive.

28.     By its acts and omissions described above, Defendant has unlawfully retaliated against Plaintiff by discharging her on or about June 15, 2015. Plaintiff's good faith complaint of unlawful sexual harassment was a motivating factor in Defendant's decision to discharge Plaintiff in violation of the Texas Labor Code, as amended, §21.001, *et seq*.

29.     As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered economic damages in the form of lost wages, both past and future, lost benefits, both past and

future, and all other compensation she would have received because of her employment with the Defendant, for which she hereby sues.

30. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has also suffered compensatory damages in the form of future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, for which she hereby sues.

31. Defendant committed the unlawful acts described herein with malice or reckless indifference to Plaintiff's state protected rights. Plaintiff is thus entitled to an award of punitive damages, for which she hereby sues.

32. Plaintiff hereby pleads for an award of reasonable and necessary attorney's fees, costs, litigation expenses, and expert fees, for which she hereby sues.

## Count Two: Unlawful Retaliation Under Title VII of the Civil Rights Act of 1964

33. Plaintiff restates and incorporates herein by reference paragraphs 1 through 26, inclusive.

34. By its acts and omissions described above, Defendant has unlawfully retaliated against Plaintiff by discharging her on or about June 15, 2015. Defendant terminated Plaintiff because of Plaintiff's good faith complaint of unlawful sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*.

35. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered economic damages in the form of lost wages, both past and future, lost benefits, both past and future, and all other compensation she would have received because of her employment with the Defendant, for which she hereby sues.

36. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has also suffered compensatory damages in the form of future pecuniary losses, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, for which she hereby sues.

37. Defendant committed the unlawful acts described herein with malice or reckless indifference to Plaintiff's federally protected rights. Plaintiff is thus entitled to an award of punitive damages, for which she hereby sues.

38. Plaintiff hereby pleads for an award of reasonable and necessary attorney's fees, costs, litigation expenses, and expert fees, for which she hereby sues.

## Count Three: Unlawful Sexual Harassment Under the Texas Labor Code

39. Plaintiff restates and incorporates herein by reference paragraphs 1 through 26, inclusive.

40. By its acts and omissions described above, Defendant has subjected Plaintiff to unlawful sexual harassment in violation of the Texas Labor Code, as amended, §21.001, *et seq*.

41. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered economic damages in the form of lost wages, both past and future, lost benefits, both past and future, and all other compensation she would have received because of her employment with the Defendant, for which she hereby sues.

42. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has also suffered compensatory damages in the form of future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, for which she hereby sues.

43. Defendant committed the unlawful acts described herein with malice or reckless indifference to Plaintiff's state protected rights. Plaintiff is thus entitled to an award of punitive damages, for which she hereby sues.

44. Plaintiff hereby pleads for an award of reasonable and necessary attorney's fees, costs, litigation expenses, and expert fees, for which she hereby sues.

### Count Four: Unlawful Sexual Harassment Under Title VII

45. Plaintiff restates and incorporates herein by reference paragraphs 1 through 26, inclusive.

46. By its acts and omissions described above, Defendant has subjected Plaintiff to unlawful sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*

47. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered economic damages in the form of lost wages, both past and future, lost benefits, both past and future, and all other compensation she would have received because of her employment with the Defendant, for which she hereby sues.

48. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has also suffered compensatory damages in the form of future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, for which she hereby sues.

49. Defendant committed the unlawful acts described herein with malice or reckless indifference to Plaintiff's federally protected rights. Plaintiff is thus entitled to an award of punitive damages, for which she hereby sues.

50. Plaintiff hereby pleads for an award of reasonable and necessary attorney's fees, costs, litigation expenses, and expert fees, for which she hereby sues.

### Count Five: Unlawful Interference Under the FMLA

51. Plaintiff restates and incorporates herein by reference paragraphs 1 through 26, inclusive.

52. By its acts and omissions described above, Defendant has unlawfully interfered with, restrained, or denied the exercise of or the attempt to exercise, one or more rights provided under the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.* 29 U.S.C. §2615(a)(1).

53. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered economic damages in the form of lost wages, both past and future, lost benefits, both past and future, and all other compensation she would have received because of her employment with the Defendant, as provided under 29 U.S.C. §2617(a)(1)(A)(i)(I) for which she hereby sues. Alternatively, as a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered actual monetary losses as provided under 29 U.S.C. §2617(a)(1)(A)(i)(II) for which she hereby sues.

54. Plaintiff hereby pleads for an award of interest on the amounts described in the preceding paragraph as provided under 29 U.S.C. §2617(a)(1)(A)(ii).

55. Plaintiff hereby pleads for an additional amount in liquidated damages equal to the amounts described in the two preceding paragraphs as provided under 29 U.S.C. §2617(a)(1)(A)(iii).

56. Plaintiff hereby pleads for an award of reasonable and necessary attorney's fees, costs, litigation expenses, and expert fees provided under 29 U.S.C. §2617(a)(3), for which she hereby sues.

## V.   JURY DEMAND

57. Plaintiff hereby demands a trial by jury on all claims, issues, and defenses so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court order a jury trial at the earliest practicable date and that, upon final hearing, this Court grant Plaintiff judgment against Defendant for the following:

a. Actual and economic damages, including appropriate back pay and all other benefits;

b. Reinstatement;

c. Liquidated damages;

d. Front pay, including benefits, in lieu of reinstatement;

e. Compensatory damages;

f. Punitive damages;

g. All other relief, including injunctive relief, necessary to make Plaintiff whole, or otherwise remedy the effects of Defendant's violations of the Americans with Disabilities Act, as amended 42 U.S.C. §12102, *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.* and/or the Texas Labor Code, as amended, §21.001, *et seq.*;

h. Pre-judgment interest in the maximum amounts allowed by law;

i. Post-judgment interest in the maximum amounts allowed by law;

j. Attorneys' fees;

k. All costs and litigation expenses;

l. Expert witness fees; and

m. Such other and further relief, legal or equitable, to which Plaintiff may be entitled.

Signed this 1st day of June, 2016.

Respectfully Submitted,

**MORELAND LAW FIRM, P.C.**
13590 Ranch Road 12
Wimberley, Texas 78676
(512) 782-0567
(512) 782-0605 - telecopier

By: */s/ Edmond S. Moreland, Jr.*
    Edmond S. Moreland, Jr.
    State Bar No. 24002644
    edmond@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**